IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOHNNY INGRAM, #R01234, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv–00323-SMY |
| | ) | |
| OFFICER CAMPBELL, | ) | |
| JOHN DOE 1, and | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Johnny Ingram, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that when he was housed at Menard Correctional Center ("Menard"), officials subjected him to unconstitutional conditions of confinement by housing him in a segregation cell with no lights for 88 days (from October 16, 2017 to January 12, 2018). He seeks compensatory damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

1

§ 1915A(b). The factual allegations of a *pro se* Complaint are liberally construed at this phase of litigation. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff has been "diagnosed with hearing voices, multiple personality disorder, some type of schizophrenia, depression and bipolar disorders." (Doc. 5, p. 5). He has also been labeled as "Seriously Mentally Ill" or "SMI." (Doc. 5, p. 10). On October 16, 2017, Officer Campbell placed Plaintiff in a cell in the segregation unit. (Doc. 5, p. 10). Although the lights in the cell did not work, Officer Campbell did not change Plaintiff's cell assignment; he simply stated he would put in a request to have the lights fixed. *Id.* Plaintiff remained in the same cell, without lights, for approximately 88 days. *Id.* During this time, he was confined to his cell for 24-hours a day. *Id.* Plaintiff filed grievances and sought help from Officer Campbell, John Doe 1, and John Doe 2, but nothing came of his requests. Because of these conditions, Plaintiff suffered from headaches and blurry vision, and his mental health further deteriorated.

Based on the allegations of the Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

> **Count 1:** Eighth Amendment claim against Campbell, John Doe 1, and John Doe 2 for subjecting Plaintiff to unconstitutional conditions of confinement.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff claims that Officer Campbell knowingly placed him in a cell without a functioning light source. He also alleges that despite complaining to Officer Campbell, John Doe 1, and John Doe 2, the lights were not repaired and he remained in the same segregation cell without any light for 88 days. These conditions allegedly caused Plaintiff to suffer from headaches, blurry vision, and psychological harm. These allegations are sufficient to allow Count 1 to proceed as to Officer Campbell, John Doe 1, and John Doe 2. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Thomas v. Illinois*, 697 F.3d 612, 614–15 (7th Cir. 2012).

## Identification of Unknown Defendants

Frank Lawrence, the Acting Warden of Menard, will be added as a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

## Appointment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.[2] Plaintiff discloses several unsuccessful efforts to contact attorneys. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that, although he has some college education, his mental illness and the medication he

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

takes for his mental illness will make it difficult for him to prosecute this action without the assistance of counsel. These alleged impediments suggest that, as this action progresses, Plaintiff may have difficulty proceeding *pro se* and may require the assistance of counsel. Nonetheless, the Court declines to appoint counsel at this time. Plaintiff's Complaint survives screening and will now be served on Defendants. There is no need to appoint counsel at this early stage. Once Defendants have answered the Complaint and discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Disposition

**IT IS HEREBY ORDERED** that the Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** will proceed as to **Campbell, John Doe 1, and John Doe 2.**

The Clerk of the Court is **DIRECTED** to add **Frank Lawrence**, the Acting Warden of Menard (official capacity only) for the purpose of identifying John Doe 1 and John Doe 2.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Campbell** and **Lawrence** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Campbell and the John Doe Defendants, once identified, are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Defendant Lawrence is in the case solely for discovery purposes, he need not respond to the Complaint. Defendant Lawrence only needs to enter his appearance. He will receive further instruction on discovery at a later date.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: June 17, 2019**


                                     **s/ STACI M. YANDLE**
                                     **United States District Judge**


**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**