UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY INGRAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:19-cv-0323-GCS |
| | ) |
| AARON CAMPBELL, | ) |
| GREGORY DAVIS, | ) |
| and GARRETTE LEPOSKY, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Now before the Court is Plaintiff Johnny Ingram's motion for summary judgment on his Eighth Amendment violation for wrongful living conditions. (Doc. 52). Defendants oppose the motion. (Doc. 6). Based on the reasons delineated below, the Court denies the motion.

Pursuant to 42 U.S.C. § 1983, Ingram filed his complaint for deprivations of his constitutional rights that occurred at Menard Correctional Center ("Menard"). Ingram alleges that while housed at Menard, officials subjected him to unconstitutional conditions of confinement by housing him in a segregation cell with no lights for 88 days

(from October 16, 2017 to January 12, 2018). (Doc. 1). Ingram alleges that Defendant Campbell placed him in a cell that did not have working lights and that he filed grievances and sought help from Defendants, but nothing came of his requests. After conducting a preliminary review pursuant to 28 U.S.C. § 1915A, the Court allowed Ingram to proceed on one claim against Campbell, John Doe 1 and John Doe 2 for subjecting him to unconstitutional conditions of confinement in violation of the Eighth Amendment. (Doc. 8). Additionally, the Court added Frank Lawrence as a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the unknown defendants. (Doc. 8, p. 3). Thereafter, Ingram filed a first amended complaint identifying and substituting Garrette Leposky as John Doe 1 and Gregory Davis as John Doe 2. (Doc. 22, 24). On January 14, 2020, the Court denied Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies and dismissed Lawrence as a party to the case. (Doc. 40).

On June 9, 2020, Ingram filed the motion for summary judgment. (Doc. 52). Defendants filed their opposition on July 13, 2020. (Doc. 62). Ingram filed a reply on July 21, 2020. (Doc. 65). As the motion is ripe, the Court turns to the merits of the motion.

## FACTS[1]

The following facts are taken from the record and presented in the light most favorable to Defendants, the non-moving parties, and all reasonable inferences are drawn

---

[1]  The following facts are not disputed by the parties.

in their favor. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

At the time of the events alleged in the complaint, Ingram was housed in Menard in the segregation unit. While housed in the segregation unit, Ingram was housed in N2:08:23:U1.[2]

Defendant Campbell was a Correctional Officer at Menard assigned to the segregation gallery on eight (8) gallery. Defendant Davis is a Correctional Officer at Menard who worked the midnight shift and was assigned to the six (6) and eight (8) galleries in Menard's segregation units between October 2017 and January 2018. Defendant Leposky is a Sergeant at Menard and does not recall how often he worked in the segregation unit on eight (8) gallery between October 2017 and January 2018.

The record reveals that Ingram submitted a grievance dated January 9, 2018 regarding a light in his cell that was not working since October 16, 2017 and that he had been in his cell for 84 days in the darkness. Additionally, Ingram's grievance states: "[m]y gallery officer has put in multipule [sic] work orders and nothing has happened. Ive [sic] told officers on all three shifts about the situation. My 5 day officer (Campbell) has been the only one to try and help me." Mental Health Professional J. Weatherford, LCPC, responded to the grievance on January 1, 2018 and scheduled Ingram with a pass to see his Mental Health Professional, Mary Wilson. On March 1, 2018, Grievance Officer Wandro found Ingram's grievance moot as "Offender is seen regularly by Mental Health.

---

[2] The record reflects that Ingram was transferred to Menard on September 14, 2017 and placed in N2:02:16:L1.

Non-operational light was fixed on 1/23/18. Offender has been treated by Optometrist." The next day, Chief Administrative Officer Lashbrook concurred with the grievance officer. Ultimately, the Administrative Review Board denied Ingram's grievance on March 27, 2018.

On January 12, 2018, Ingram was moved from cell N2:08:23:U1 (segregation cell) to E:05:14:U1 (general population).

Work Order #01/18/232 was issued to Nathan Seidel for North 2 and this work order was completed on January 23, 2018.

Section 504.620 of the Illinois Administrative Code deals with segregation standards and provides in pertinent part:

> b) Minimally, each cell shall be furnished with:
> . . .
> 4) Adequate lighting for reading and observation purposes.

20 ILL. ADMIN. CODE § 504.620

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014). The Court's role at summary judgment is not to evaluate the weight of evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

## ANALYSIS

The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). *See also Burton v. Downey*, 805 F.3d 776, 786 (7th Cir. 2015). The Seventh Circuit "identified several situations that meet this demanding test, including lack of heat, clothing, or sanitation." *Gray v. Hardy*, 826 F.3d

1000, 1005 (7th Cir. 2016)(quoting *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)). In addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis*, 486 F.3d at 493. When addressing the severity of conditions, courts must consider their cumulative effect. *See Gray*, 826 F.3d at 1005. A prisoner's inconvenience and discomfort, however, both fall outside the Eighth Amendment. *See Caldwell v. Miller*, 790 F.2d 589, 600-601 (7th Cir. 1996).

> Specifically, Ingram argues that he is entitled to summary judgment stating:
>
> "Throughout this whole process the defendants claim that they had no knowledge of Plaintiff being housed in a cell without lights, but it is hard to fathom due the fact the only defense that the defendants had was that Plaintiff failed to exhaust administrative remedies. Also, by the grievance officer and the Chief Administrator Officer's admission that the light indeed was not working, and was fixed on 1/23/18 that defendant did not know the lights in cell 8-23 did not work."

(Doc. 52, p. 4-5). Defendants oppose the motion contending that Ingram failed to prove the necessary elements of his Eighth Amendment claim. Specifically, Defendants contend that Ingram failed to show that they were aware of his cell being without a working light from October 16, 2017 until January 12, 2018. Defendants further argue that Ingram failed to establish that an inference could be drawn that a substantial risk of serious harm existed because of such conditions and that Ingram further failed to show that Defendants knew or could have drawn an inference that such conditions did present a substantial risk of serious harm. The Court agrees with Defendants.

Viewing the record in a light most favorable to Defendants, the Court finds that there are material questions of fact as to whether Ingram has established a viable condition of confinement claim against Defendants. This is a classic "he said, she said" case which boils down to a credibility determination which must be decided by a jury. At this point in the litigation, Ingram has not presented any evidence that any of the named Defendants were both aware of and disregarded an excessive risk to his health and safety.

Lastly, the Court rejects Ingram's argument that Defendants violated his constitutional rights regarding his conditions of confinement claim because they did not comply with Section 504.620 of the Illinois Administrative Code. A violation of a policy, custom, or practice is not relevant to the claims in this case. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2004)(noting that any deviation from internal policies "is completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Watford v. Pfister*, No. 19-3221, 2020 WL 3564666, at *2 (7th Cir. July 1, 2020)(stating that "[r]egardless of how [plaintiff] frames his claims, however, they all turn on an alleged violation of the state administrative code. And as the district court correctly recognized, the violation of a state law is 'completely immaterial . . . of whether a violation of the federal constitution has been established.'")(quoting *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006)). Based on the record, the Court finds that there are genuine issues of material fact that preclude summary

judgment in favor of Ingram as to his conditions of confinement claim against Defendants.

## CONCLUSION

Accordingly, the Court **DENIES** Ingram's motion for summary judgment on his Eighth Amendment violation for wrongful living conditions. (Doc. 52).

**IT IS SO ORDERED.**

**Dated: July 23, 2020.**

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.07.23 13:17:39 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**