## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY INGRAM,           )
                          )
Plaintiff,              )
                          )
vs.                     )        **Case No. 3:18-cv-0323-GCS**
                          )
AARON CAMPBELL,        )
GREGORY DAVIS,         )
and GARRETTE LEPOSKY,   )
                          )
Defendants.

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff Johnny Ingram's July 28, 2020 motion to reconsider. (Doc. 69). Specifically, Ingram moves the Court to reconsider its July 23, 2020 Memorandum and Order denying his motion for summary judgment. *See* Doc. 68. Based on the following, the Court **DENIES** the motion to reconsider.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Ingram's motion was filed within 28 days of the entry of Order, and it will therefore be considered under Rule 59(e).  *See Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case."  *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling

precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015)(citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

The Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e).  Ingram clearly takes issue with the Court's decision to deny his motion for summary judgment against Defendants. His motion provides no additional or new evidence that demonstrates that this Court's Memorandum and Order contained a manifest error of fact or law. In fact, the undersigned thoroughly addressed Ingram's motion for summary judgment in the July 23, 2020 Memorandum and Order. The Court did not overlook significant facts that would have changed the outcome of the case. The Court does not agree with Ingram's argument that the consideration of Campbell's affidavit was improper. Further, the consideration of Davis and Lepoksy's affidavits was also proper as the Court allowed the affidavits to be filed on July 20, 2020. (Doc. 64).  The Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize controlling

precedent. Instead, this is an instance where the losing party is disappointed by the outcome. That alone is insufficient to warrant a reversal.

As such, the Court **DENIES** Ingram's motion to reconsider. (Doc. 69).

**IT IS SO ORDERED.**

Dated: July 29, 2020.

Digitally signed
by Judge Sison
Date: 2020.07.29
11:18:36 -05'00'

_____

GILBERT C. SISON
United States Magistrate Judge